COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Mauricio Nqavarette-Torres v. The State of Texas

Appellate case number:    01-21-00322-CR

Trial court case number:   1540067

Trial court:               178th District Court of Harris County

Appellant, Mauricio Nqavarette-Torres, timely filed a notice of appeal from the trial court's June 15, 2021 Judgment of Conviction by Jury. Appellant's brief was initially due to be filed by November 17, 2021. *See* TEX. R. APP. P. 38.6(a). However, no brief was filed, and on December 6, 2021, appellant was notified that unless he filed a brief or motion to extend time to file a brief within ten days, the Court would be required to abate the appeal and order the trial court to conduct a hearing to determine whether appellant wishes to prosecute his appeal, and if so, whether his court-appointed counsel had abandoned the appeal. On December 16, 2021, appellant's court-appointed counsel filed a motion for extension of time to file appellant's brief, requesting a thirty-day extension of the deadline for filing appellant's brief. Appellant's request for an extension was granted, making his brief due on or before January 18, 2022.

No brief was filed by the extended deadline. On January 26, 2022, appellant was again notified that if no brief was filed within ten days, the Court would abate the appeal and order the trial court to conduct a hearing to determine whether appellant wishes to prosecute his appeal, and if so, whether his court-appointed counsel had abandoned the appeal. On February 4, 2022, appellant's court-appointed counsel filed a second motion for extension of time, requesting that the deadline for filing appellant's brief be extended by an additional sixty days. Appellant's second request for an extension was granted, making his brief due on or before March 18, 2022.

In the Court's order granting appellant's second request for an extension, appellant was notified that the failure to file a brief by the extended deadline would result in the appeal being abated, and the trial court would be directed to hold a hearing to make findings regarding the reason for the failure to timely file a brief, to determine if counsel has abandoned the appeal, and if so, whether new counsel should be appointed to represent appellant in his appeal. *See* TEX. R. APP. P. 38.8(b)(2). Appellant did not file a brief.

Accordingly, on June 2, 2022, the Court **abated** the appeal and remanded to the trial court for a hearing to determine:

(1)     whether appellant wishes to prosecute the appeal;

(2)     if appellant wishes to prosecute the appeal, whether good cause exists to relieve appellant's court-appointed counsel, Kyle R. Sampson, of his duties as appellant's counsel;

(3)     if good cause exists, enter a written order relieving Kyle R. Sampson of his duties as appellant's counsel, including in the order the basis for and finding of good cause, and appoint substitute appellate counsel at no expense to appellant;

(4)     if good cause does not exist, set a date when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing;

(5)     make any other findings and recommendations the trial court deems appropriate; and

(6)     enter written findings of fact, conclusions of law, and recommendations as to these issues.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2); TEX. R. APP. P. 38.8(b).

The trial court held the hearing directed in our June 2, 2022 order on August 5, 2022 with appellant and his court-appointed counsel present. On August 18, 2022, the trial court clerk filed a supplemental clerk's record with the Clerk of this Court. The supplemental clerk's record included the trial court's "Findings of Fact and Conclusions of Law, and Recommendation After Abatement." The trial court found that appellant "wishes to prosecute his appeal," that good cause does not exist to relieve Kyle R. Sampson of his duties as appellant's court-appointed counsel, finding that Mr. Sampson's "explanation as to why [appellant's] brief had not yet been filed to be credible." The trial court further found that appellant's "appellate brief just needs to be edited and is then ready to be filed," and set "the new due date for [appellant's] appellate brief to be September 6, 2022."

Based on the trial court's recommendation, the appeal is **reinstated** on the Court's active docket and appellant's brief is due to be filed on or before **September 6, 2022**.

It is so ORDERED.


Judge's signature: _____/s/ April Farris_____
                      ☑ Acting individually    ☐ Acting for the Court

Date: ___September 8, 2022____